IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **Diego Fernando Medina-Perea,** | Case No. 4:25cv701 |
| Petitioner, | |
| -vs- | JUDGE PAMELA A. BARKER |
| **Warden, FCI Elkton** | MEMORANDUM OPINION AND ORDER |
| Respondent. | |

*Pro se* petitioner Diego Fernando Medina-Perea, a federal prisoner currently in custody at FCI, Elkton, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1). Petitioner states that he has earned "a substantial amount" of First Step Act ("FSA") earned time credit, "which has been granted by the BOP even though Petitioner has a valid immigration detainer." (*Id.* at 8). Petitioner does not allege that the BOP has improperly denied him the FSA earned time credits. Rather, he states that he is "challenging the possibility that the BOP … may remove his earning time credits from his sentence computation." (*Id.* at 3).

Promptly after the filing of a *habeas corpus* petition, a federal district court must undertake a preliminary review of the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in the district court. Rule 4 of the Rules Governing *Habeas Corpus* Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). If so, the petition must be summarily dismissed. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" *habeas corpus* petitions that lack merit on their face).

Habeas corpus is generally available to prisoners seeking relief from unlawful imprisonment or custody. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Section 2241 grants federal courts the power to issue writs of *habeas corpus* to prisoners being held "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal prisoners may use 28 U.S.C. § 2241 to attack the manner in which their sentence is being executed, such as the computation of sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977).

Here, Petitioner states that he has earned time credits under the FSA. But he has not alleged that he has requested the sentencing credits or that the BOP has improperly denied him the credits. Rather, he seeks an order from this Court to prevent the *possibility* of an improper denial. Petitioner has therefore failed to allege he is being held in violation of the constitution or federal laws. The Court cannot intervene unless a clear constitutional violation has occurred. Petitioner's claim is therefore not ripe for review.

Accordingly, the Court DENIES the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and DISMISSES WITHOUT PREJUDICE the action pursuant to 28 U.S.C. § 2243. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

                                                  s/*Pamela A. Barker*
                                                  PAMELA A. BARKER
Date:  July 28, 2025                           U. S. DISTRICT JUDGE